AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 11 2014

MATTHEW J. DYKMAN
CLERK

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 14 mj 435 |
| Felippe Jones | ) | |

Defendant(s)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __02/06/14__ in the county of __San Juan__ in the _____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 USC 922(j) | Possession of a stolen weapon |
| Title 21 USC 841(a)(1) | Distribution of controlled substance |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Dean Goldtooth, Senior Police Officer
Printed name and title

Sworn to before me and signed in my presence.

Date: 2/11/14

_____
Judge's signature

City and state: Albuquerque, New Mexico

Alan C. Torgerson, US Magistrate Judge
Printed name and title

**Affidavit in Support of Criminal Complaint, Felippe Jones**

1. I am Dean Goldtooth and I am a Senior Police Officer, I am currently assigned to the Navajo Nation Drug and Gang Enforcement Unit, I have been employed with the Navajo Nation Police Department as an Officer for 14 years. I currently am commissioned by the United States Department of Interior, Bureau of Indian Affairs and was vested with the authority to enforce and investigate violations of Federal Laws, including Title 18 and 21 United States Codes. I am a graduate of the Criminal Investigators Training Program at the Federal Law Enforcement Training Center at Glynco, Georgia.

2. The information on this affidavit is based on my personal knowledge and information provided to me by other law enforcement officers and individuals. The information in this affidavit is provided for the limited purpose of establishing probable cause. The information is not complete statement of all the facts related to this case.

3. On December 30, 2013, Navajo Police Officer Alvina Johnson took a report of a reported residential burglary at Mesa View Housing #111 in Shiprock, New Mexico (Report #02-13-038961). It was reported that a Rock Island Armory M1911-A1-FS 10mm pistol (serial #RIA1472171), .357 caliber handgun (unknown make, model, and serial number), an unknown amount and type of jewelry, electric guitar (unknown make and serial number), and a DVD player (unknown make, model, and serial number) were missing from the residence. The Rock Island Amory handgun was entered as a stolen weapon into the National Crime Information Center (NCIC).

4. On February 02, 2014, New Mexico State Police Officer Brian Hobbs contacted Officer Johnson and informed her that he had ran a serial number of a handgun (Rock Island Armory Pistol, serial #RIA1472171) through NCIC and it came back as stolen. Officer Hobbs gave the name and number of Brian Benally. Officer James Hale received word about the stolen handgun and informed myself. Officer Hale and I contacted Officer Johnson and received a contact number for Benally. Benally was contacted and interviewed.

5. On February 02, 2014, Officer Goldtooth and Officer Hale met with Benally at his residence in Shiprock, New Mexico. Benally stated his cousin, Felippe Jones, had a Rock Island handgun at Jone's residence (BIA Compound Apartment #1215-2 Shiprock, New Mexico). Benally stated Jones offered to sell him the Rock Island handgun for two hundred dollars ($200.00). Benally

asked Jones if the handgun was stolen and Jones replied "I don't think so". Benally told him if he didn't know it was probably stolen, Jones then replied that he inherited it. Benally informed Jones he did not have the money right then. Benally stated he did write down the make, model and serial number of the handgun. During the interview Benally stated Jones lives at the residence, but stays in the garage. Benally continued to say that Jones also has exterior cameras at the residence one in the front and one in the back of the apartment. Benally asked if Officer Goldtooth and Hale wanted him to just get the handgun for them or maybe purchase it for them. Officer Goldtooth and Hale agreed and asked Benally to contact Jones to see if he could give Benally the handgun. Benally stated he was leaving for Phoenix in about an hour and he would see if he could contact Jones. Benally was later contacted and he stated he did not get a hold of Jones and that he had already left for Phoenix and he would be back on Tuesday, February 04, 2014.

6. On February 04-06, 2014, the Drug and Gang Unit and Shiprock Navajo Police conducted 24 hour surveillance of Jones' residence. Based on the information that Jones was attempting to sell a stole handgun. During the surveillance numerous vehicles and foot traffic were observed going to and from the garage at BIA Compound Apt #1215-2. In most cases the person(s) would knock on the garage, the garage door would open, they would enter, and after a short amount of time they would exit the garage and leave from the area. This type of stop and go activity is consistent with a possible drug dealer.

7. On February 06, 2014, Officer Goldtooth contacted Benally and Benally stated he was still in Phoenix and he would not be back till Friday, February 07, 2014. Officer Goldtooth asked Benally if it was possible to send Jones a text to inform him that a friend of Benally's wanted to purchase the handgun. Benally agreed and stated he would send the text to Jones. Benally was later contacted and Benally stated he had sent the text to Jones.

8. On February 06, 2014, the Drug and Gang Unit and Shiprock Navajo Police conducted a buy/walk operation to purchase the possible stolen firearm. During the operation Undercover Drug and Gang Officers made contact with Jones at the garage of BIA Compound Apartment #1215-2. Jones opened the garage and was observed to be holding a loaded Golden Eagle .40 caliber handgun. As the Undercover Officers were talking with Jones they saw several cellular phones inside the garage. Based on my work experience and training of drug trafficking cellular phones are used to contact potential buyers and to be contacted for a possible sale. While inside the garage Undercover Officers purchased the Rock Island Armory Pistol (serial #RIA1472171), H&R Incorporated .22 caliber revolver (serial # AY109598), and 2.2 grams of methamphetamine for four hundred and five dollars ($405.00) in confidential advanced funds.

9. Based on the foregoing facts, I respectfully request an arrest warrant be issued for Felippe Jones for violation of 18 USC Section 922(j) and 21 USC Section 841(a)1.

_____
Dean Goldtooth, Senior Police Officer

Signed and sworn before me this 11 day of Feb. 2014

_____
Alan C. Torgerson, US Magistrate Judge